## REVIVOR OF ACTION TO CONTEST WILL.

Common Pleas Court of Seneca County.

MAGDALENA HEIMRICH V. MICHAEL DECHANT ET AL.

Decided, December 20, 1909.

*Wills—Legal Representative May Revive Contest of—Character of the Estate Immaterial—Section 12080.*

An action to contest a will does not abate on the death of the plaintiff, but may be revived in the name of the legal representatives of the plaintiff; and it is immaterial whether the estate consist of realty or personalty.

*Wagner & Knepper* and *Jesse Stephens,* for plaintiff.
*Dore & Dore,* contra.

BALDWIN, J.

This cause was submitted on a motion by the defendant, Dechant, to dismiss the action, based on two grounds:

First. That the action being one to contest a will, abated upon the death of plaintiff and that the heirs of plaintiff in whose name an order of revivor was heretofore entered, can not maintain the action.

Second. That if the action is revivable, the revivor should have been in the name of the *personal* intead of the *legal* representatives of plaintiff.

As to the first ground: Upon the oral argument defendants' counsel in support of their contention presented *Taylor* v. *Taylor,* 5 N.P. (N.S.), 323; *Rockwell et al* v. *Blaney et al,* 5 N.P. (N.S.), 580.

At the time it was supposed by court and counsel that neither of these cases had been reviewed by an appellate court. It transpires, however, that the decision of Judge Brodrick has been reversed by the circuit court of this district, and a certified copy of the judgment of reversal has been furnished to the court. The decision of Judge Brodrick covers the identical question presented by the motion in the case at bar, he holding that the action abated. The judgment of the circuit court of reversal finds that

this holding was erroneous, and in effect decides that the action survives. This holding of the circuit court not only accords with the view of this court, but it must be followed, it being decisive of this ground of the motion. No extended opinion is necessary. Following that decision, we hold that this ground is not well taken.

As to the second ground: This is predicated upon the averment in the petition, admitted in the answer, "that the estate of the testator consists of personalty to the amount of $8,000 and more."

This averment is unnecessary; could not be an issue in an action to contest the will, the sole issue being whether the writing produced is the will of the testator. It is not even necessary that any answer be filed. The court will take no cognizance of any other than the statutory issue, whether controverted or not. *Windisch & M. Brew. Co.* v. *Opp,* 17 C. C., 465; *Dew* v. *Reid,* 52 Ohio St., 520.

The contest has to do with the estate of the testator, generally, regardless of whether it be real, personal or mixed. And all persons interested in the estate must be made parties (General Code, 12080). And I take it any one or more of the necessary parties prescribed by the statute may be plaintiff in his own right; and even when the estate consists entirely of personalty, the successor to one who was an "interested person" at the death of the testator, may maintain the action in his own name and not through the medium of the personal representative of the deceased interested person.

In my opinion the action was properly revived in the names of the legal representatives of Magdalena Heimrich; and this ground of the motion is not well taken.

The motion is therefore overruled. Exceptions may be noted. And the clerk may make such notation on the trial docket.